IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Stuart Stout, | ) | Case No.: 3:04-cv-23231-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| v. | ) | MOTION TO COMPEL |
| | ) | AND DENYING |
| | ) | SUMMARY JUDGMENT |
| Wolff Shoe Company and Gary Wolff, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    This case was reassigned from Judge Matthew J. Perry, Jr., on March 5, 2007, and comes before the court on two motions: (1) plaintiff's motion to compel filed July 10, 2006 [#40], and (2) defendant Gary Wolff's motion for summary judgment filed January 12, 2007 [#66]. Both motions have been fully briefed, and the court heard oral argument on March 21, 2007. This order serves to announce the court's ruling on the matters taken under advisement at the hearing. The court grants plaintiff's motion to compel and denies defendant's motion for summary judgment.

I.    Factual Background

    Plaintiff worked as a salesman for defendant Wolff Shoe Company. He claims that defendants willfully and fraudulently failed to compensate him sales commissions he earned and willfully and fraudulently charged expenses against those commissions. Plaintiff asserts claims for (1) breach of contract, (2) fraud, (3) constructive fraud, (4) breach of contract

accompanied by a fraudulent act, (5) unjust enrichment, (6) breach of duties of loyalty, care and good faith, (7) breach of duties to compensate, reimburse and indemnify, (8) conversion, (9) unfair trade practices, (10) demand for accounting, and (11) violations of S.C. Code Ann. § 39-65-10 et. seq.  Plaintiff seeks actual, punitive and treble damages, attorneys' fees and costs.

II.     Plaintiff's Motion to Compel

    A.     Defendants' Objections

Plaintiff seeks to compel defendants' responses to its ninety-eight requests for production, together with his costs in bringing this motion.  As to portions of twenty of the ninety-eight requests, defendants agreed to make responsive documents available at a mutually agreeable time and place, but they objected to nearly all the requests on some combination of the following categories:

1.     Objection to requests as overbroad, oppressive, unduly burdensome and expensive, not reasonably limited in time and/or scope, not reasonably calculated to lead to admissible evidence, or impossible to answer.

2.     Objection to forty-four requests seeking all background documents behind transactions or expenses charged as involving "de minimus amounts" (which defendants define as involving claims of less than $1500), on the basis that producing the documents is unduly costly to defendants compared to the relative benefit to plaintiff.

3.     Objection to requests as vague, ambiguous, speculative, confusing, unintelligible, or difficult to understand.

4.     Objection to requests on grounds of work product privilege, as calling for legal conclusion or expert opinion, or as making unsupported factual assertions.

5.    Objection to requests seeking interrogatory answer.

Defendants also argue that plaintiff is already in possession of some the documents he requests. Finally, defendants argue that the costs for the search should be allocated so that it is not all borne by defendants.

In spite of their objections that the requests are unintelligible, unduly burdensome and expensive, defendants' counsel represented at the hearing that they have already pulled all of the documents that are responsive to the requests, and promised that plaintiff is not going to "get 27 boxes of stuff that is mixed in with other stuff that is irrelevant. It is all going to be responsive to his request." Upon further inquiry by the court, however, defendants' counsel admitted that the responsive documents are not organized and labeled to correspond with the specific requests.

B.    Law and Analysis

Pursuant to Fed. R. Civ. P. 34, any party may serve on any other party a request for documents containing any matter, not privileged, that is relevant to the claim or defense of any party. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Specifically, "relevant evidence" is defined to mean evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. The trial court has broad discretion in determination of relevance for discovery purposes. Watson v. Lowcountry Red Cross, 974 F.2d 482 (4th Cir. 1992).

As referenced in the Advisory Committee Notes to Rule 34, the Supreme Court has already delineated the required specificity of requests for production:

> We see no reason why all such books, papers, and correspondence which related to the subject of inquiry, and were described with reasonable detail, should not be called for and the company directed to produce them. Otherwise the [requesting party] would be compelled to designate each particular paper which is desired, which presupposes an accurate knowledge of such papers, which the tribunal desiring the papers would probably rarely, if ever, have.

Consolidated Rendering Co. v. State of Vermont, 207 U.S. 541, 544 (1908).

Furthermore, the fact that the information sought might already be in the possession of the requesting party or obtainable from another source is not a bar to discovery of relevant information.  See, e.g., Fort Washington Resources, Inc. v. Tannen, 153 F.R.D. 78, 79 (E.D. Pa. 1994)(defendant had to produce requested documents regardless of fact that they were accessible to plaintiff).

A party's failure to produce relevant discovery is not excused because the volume of records to be searched is vast and prevents a complete understanding of its contents. See Danis v. USN Communications, Inc., No. 98 C 7482, at 150 (N.D. Ill.  Oct. 20, 2000) (party "responsible for knowing what documents are discoverable and where to find them" even if volume of records is vast); 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 37A.30[2] (3d ed. 2005).

The traditional rationale for holding the responding party responsible for any difficulties in retrieving relevant information is because it chose its own computerized record-keeping

system.  Rowe Entm't, Inc. v. William Morris Agency, Inc., 205 F.R.D. 421, 429 (S.D.N.Y. 2002).  Therefore, translating information obtained from a computer database into a reasonably understandable form is a necessary and foreseeable burden on the responding party.  See MOORE, supra.  Similarly, should a company choose not to maintain a computer database, its obligations in discovery are not thereby reduced.

As the court held in Super Film of Am., Inc. v. UCB Films, Inc., 219 F.R.D. 649, 656 (D. Kan. 2004), a party cannot, instead of producing computer-based documents, allow access to its computers by the requesting party's technicians to inspect and make copies of any responsive electronic documents. That is, the responding party cannot passively allow access to its computers for discovery because it impermissibly shifts the burden and expense of discovery to the requesting party.  Id. at 656.  Similarly, a party cannot, instead of searching its warehouse of manually-maintained documents, allow access to the warehouse by providing the requesting party with a key to the warehouse door.  Such an action impermissibly shifts the burden and expense of discovery to the requesting party.

While this court recognizes the practical difficulties and expense in procuring manually-maintained information in discovery, it concurs with courts that have found similar difficulties and expense in computer-based discovery as insufficient grounds for excusing compliance with a discovery request.  See Linennen v. A.H. Robins Co., 1999 Mass. Super. LEXIS 240, at *17-18 (June 15, 1999) (retrieval cost is risk assumed when using computer technology).  A party that selects its own information recording system and expects to be able to access information

for business purposes will be obligated to produce that same information in discovery. <u>See</u> MOORE, <u>supra</u> at ¶ 37A.31[4]. Merely allowing access to a computer warehouse of documents without a proper filing system does not comply with the discovery rules, even should the documents be retained in such a state in the usual course of business. <u>See</u> <u>Kozlowski v. Sears, Roebuck & Co.</u>, 73 FRD 73, 76 (D.Mass. 1976) (business could not defeat purpose of discovery rules by retaining unwieldy filing system).

The court finds that the chargebacks having been assessed against plaintiff by defendants, it stands to reason that someone at defendant company made a decision, presumably based on some type of calculation, to determine the amount to assess against plaintiff's commissions. The court rejects defendants' argument that plaintiff already possesses the calculations in the form of commission statements he received while working as a salesman. In this lawsuit, plaintiff seeks the documents detailing <u>how</u> the chargebacks were calculated and assessed against him. Defendants' counsel admits that "we can do that instantly," but maintains that the calculations are unrelated to the defendants' investment, loss or profit in the shoes on which plaintiff claims a commission. The court is not persuaded by defendants' position and finds that plaintiff is entitled to said discovery. Therefore, defendants are ordered to produce all documents related to defendants' investment, loss and/or profit on each of the invoices at issue in plaintiff's requests, including all the information requested in each of plaintiff's numbered requests 3 through 98.

For the foregoing reasons, the court grants plaintiff's motion to compel and directs defendants to immediately produce those documents – and only those documents – that are

responsive to each of plaintiff's requests 3 through 98.[1]  The court finds plaintiff's requests 1 and 2 appear to be addressed with greater specificity by the remaining requests, and therefore the court denies to compel responses to these more generalized requests at this time. Defendants' production must be individualized to respond to each of the particularized requests, with the requested documents organized and labeled to correspond with the categories per request.   Any request which appears in the form of an interrogatory shall be responded to with an answer, as if the request were stated under Rule 33.

With respect to defendants' responses to requests number 83 and 94 that a work product privilege applies, the court finds defendants have failed to provide, as required by Rule 26, sufficient identifying information to allow the discovering party, or the court, to test the validity of the claim of privilege.  The work product doctrine is intended only to guard against divulging an attorney's strategies and legal impressions, but it does not protect facts concerning the creation of work product, or facts contained within work product.  Likewise, facts are not protected from disclosure by virtue of having been gathered by an attorney.  Because Rule 26 work product protection extends only to documents prepared in anticipation of litigation or trial, it follows that documents prepared in the regular course of a party's business, such as those at issue here, are not protected by the doctrine.  The court finds that requests number 83 and 94 do not appear to request any information that would fall within the work product doctrine.

---

[1]    Request number 89 appears to be duplicative of request number 83, so defendants need respond only once.

Defendants' complete production and answers must be served on plaintiff no later than April 30, 2007.

The court finds defendants' argument with respect to allocation of costs is premature and not relevant to the issue of whether plaintiff is entitled to the documents it requested last year. Therefore, the court declines defendants' request to allocate costs.

The court takes this opportunity to remind the parties to be vigilant in not overreaching in their requests and in not stonewalling in response, especially considering the court will look with disfavor on any requests to extend discovery or otherwise alter the scheduling order. Finally, the court reminds counsel of Rule 26(g), which provides, on pain of sanctions, that the signature of the attorney or party on responses to discovery constitutes a certification that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made.

III.   Defendant's Motion for Summary Judgment

By motion filed January 12, 2007, defendant Gary Wolff asks to be dismissed, claiming that he is only a minority shareholder of the defendant Wolff Shoe. He argues that Wolff Shoe is an active Missouri corporation, and any dispute as to improper payment of commissions or deduction of expenses is a claim properly asserted against the corporation and not against him as a shareholder. Plaintiff opposes the motion on the grounds that discovery is not yet completed and Gary Wolff's deposition has not yet been taken, and he cannot otherwise counter the motion without further time and opportunity for discovery.

The court finds there is insufficient information presented at this time to make a

definitive determination that Gary Wolff should be dismissed.  Therefore, the court denies

defendant's motion for summary judgment without prejudice, with leave to refile after

discovery is complete and by the dispositive motions deadline.

IV.     Conclusion

For the foregoing reasons, the court grants plaintiff's motion to compel and denies

defendant's motion for summary judgment without prejudice.

IT IS SO ORDERED.


March 31, 2007                                    s/ Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge